## The People of the State of Illinois, Defendant in Error, v. John H. Obermeyer, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Morgan county; the Hon. Edward P. Brockhouse, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 16, 1914.

### Statement of the Case.

Prosecution by the People of the State of Illinois on an indictment against John H. Obermeyer for selling intoxicating liquor within anti-saloon territory. The indictment contained five counts and was certified to the County Court for trial. A trial was had by a jury and defendant was convicted. To reverse the judgment, defendant prosecutes a writ of error.

The evidence was that defendant was engaged in the drug business at Jacksonville, Illinois, and that he sold to a number of witnesses essence of ginger, the compound containing ninety-three per cent. alcohol and seven per cent. ginger. Witnesses for the People testified that they bought the compound as a liquor to be used as a beverage, while defendant testified that the compound was poisonous in its state as sold and unsafe to use as a beverage and that he sold it for medicinal purposes only.

William N. Hairgrove, for plaintiff in error.

Robert Tilton and Thomas F. Smith, for defendant in error.

Mr. Justice Scholfield delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 158*—*when instruction erroneous as ignoring element of good faith.* In the prosecution of a druggist for selling intoxicating liquor in anti-saloon territory, where the evidence showed that the alleged liquor was a compound containing a large percentage of alcohol, instructions given for the People ignoring the element of good faith on the part of defendant and therefore requiring a conviction though he sold the compound in good faith for medicinal purposes and not as a shift or device to evade the law, *held* erroneous.

2. INTOXICATING LIQUORS, § 158*—*when instruction erroneous as assuming facts.* In a prosecution of an indictment for selling intoxicating liquor in anti-saloon territory, an instruction is erroneous if it assumes the defendant sold such liquor in such territory.

3. CRIMINAL LAW, § 308*—*sufficiency of instruction.* In a criminal case, an instruction directing the jury to find the defendant guilty without requiring the jury to find from the evidence beyond a reasonable doubt is erroneous.